CHENEY BROS. *v.* UNITED STATES (No. 2323).[1]

WATER-COLOR DESIGNS FOR SILK.

Original designs by artists, sketched in pencil and water-colored, to be used for reproduction on silk, are classifiable as "original drawings and sketches in pen and ink or pencil and water colors," under paragraph 652, tariff act of 1913, rather than as manufactures of paper under paragraph 332.—American Colortype Co. et al. *v.* United States (9 Ct. Cust. Appls. 212; T. D. 38046).

United States Court of Customs Appeals, April 21, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46346.

[Modified.]

*Barnes, Wilson & Halstead (Frank M. Halstead* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument March 19, 1924, by Mr. Halstead and Mr. Igstaedter.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

HATFIELD, Judge, delivered the opinion of the court:

The question presented in this case for consideration by this court is whether merchandise, consisting of certain industrial designs, is entitled to free entry under paragraph 652 of the tariff act of 1913

---

[1] T. D. 40172.

as "original drawings and sketches in pen and ink or pencil and water colors," or whether it is dutiable at 25 per cent ad valorem under paragraph 332 of the act of 1913 as "manufactures of paper.".

The paragraph in question reads as follows:

PAR. 652. Original paintings in oil, mineral, water, or other colors, pastels, original drawings and sketches in pen and ink or pencil and water colors, artists' proof etchings unbound, and engravings and woodcuts unbound, original sculptures or statuary, including not more than two replicas or reproductions of the same; but the terms "sculpture" and "statuary" as used in this paragraph shall be understood to include professional productions of sculptors only, whether in round or in relief, in bronze, marble, stone, terra cotta, ivory, wood, or metal, or whether cut, carved, or otherwise wrought by hand from the solid block or mass of marble, stone, or alabaster, or from metal, or cast in bronze or other metal or substance, or from wax or plaster, made as the professional productions of sculptors only; and the words "painting" and "sculpture" and "statuary" as used in this paragraph shall not be understood to include any articles of utility, nor such as are made wholly or in part by stenciling or any other mechanical process; and the words "etchings," "engravings," and "woodcuts" as used in this paragraph shall be understood to include only such as are printed by hand from plates or blocks etched or engraved with hand tools and not such as are printed from plates or blocks etched or engraved by photochemical or other mechanical processes.

PAR. 332. Papers or cardboard, cut, die cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, or other forms, and all post cards, not including American views, plain, decorated, embossed, or printed, except by lithographic process, and all papers and manufactures of paper or of which paper is the component material of chief value, not specially provided for in this section, 25 per centum ad valorem.

The appraiser's answer to protest 944346–15649 is as follows:

The merchandise consists of industrial designs in pencil and water color, in the opinion of this office articles of utility and not works of art. It is similar in character to the merchandise subject of T. D. 38792, G. A. 8454, according to which it is dutiable as a manufacture of paper at 25 per cent under paragraph 332 as returned.

And his answer to protest 947130–2999 is as follows:

The merchandise consists of industrial designs. The outlines of the designs are first drawn in pencil and afterwards colored by water colors, applied with a brush. In the opinion of this office the designs are articles of utility and not works of art. They are similar in character to the merchandise subject of T. D. 38792, G. A. 8454, according to which they are dutiable as manufactures of paper n. s. p. f. at 25 per cent under paragraph 332 as returned.

The collector classified the merchandise as "manufactures of paper" under paragraph 332 supra, and assessed duty at 25 per cent ad valorem. The importers protested the collector's classification and assessment.

In protest 944346–15649 it was claimed that the merchandise was entitled to free entry under paragraph 652, as "original drawings."

In protest 947130–2999 it was claimed that the merchandise was entitled to free entry under paragraph 652, supra, as "original

drawings," or dutiable at 15 per cent as "works of art" under paragraph 376 of the act of 1913, or dutiable at 15 per cent or 20 per cent under paragraph 63 of the act of 1913.

The alternative claims under paragraphs 376 and 63 have been abandoned, and the importers contend that the merchandise is entitled to free entry under paragraph 652, as "original drawings and sketches in pen and ink or pencil and water colors," with the exception of the articles represented by Exhibit 6, which it is conceded by the importers were properly classified by the collector for the reason that they are not "originals."

The Board of General Appraisers held that the designs in question were not drawings as claimed by the importers, but were in fact paintings, utilitarian in purpose and, therefore, not entitled to free entry under paragraph 652. The protests were accordingly overruled.

The Government claims that the designs are paintings but not original paintings; that they are not works of art; that they are utilitarian in purpose and therefore not entitled to classification under paragraph 652.

The importers claim that the designs are drawings or sketches in pencil and water colors; that they are original; that they are works of art, although industrial in character as distinguished from the fine arts, and that they are entitled to free entry under paragraph 652, supra, even though they are articles of utility.

The testimony in the case and the reports of the local appraiser clearly establish that the merchandise consists of industrial designs in pencil and water colors; as explained by the local appraiser, "the outlines of the designs are first drawn in pencil and afterwards colored by water colors, applied with a brush." The designs are used for reproduction on silk, are industrial in character, and utilitarian in purpose.

The testimony establishes, we think, that the designs were made by artists; that they are the conception of the artists who made them and that they are originals.

The only witness who appeared in the case, and it seems to us that he was qualified to speak expertly concerning the questions at issue, testified squarely that the designs are not known in the art world as "paintings," but that they are industrial designs, first drawn in pencil and water colors later applied with a brush.

It was claimed by the importers and admitted by the Government that another witness, referred to by counsel for the importer as "the president of the Architectural League" and "a well-known figure in the art world, who was in Paris and who saw the designs, or some of them, made, and who could testify from his own knowledge how they were made and how considered by the artistic world," if called, would

have testified that the designs in question "are not considered paintings," but "they are original drawings in pencil and water colors."

This, to some extent, corroborates the testimony of the artist who did appear and testify in detail regarding the character of the merchandise.

It seems to us, from a careful examination of the record in the case, that the designs in question are properly identified as belonging to the class of articles defined in paragraph 652, supra, as "original drawings and sketches in pen and ink or pencil and water colors;" that they come within the rule laid down in the case of American Colortype Co. et al. v. United States (9 Ct. Cust. Appls. 212; T. D. 38046); and therefore are entitled to free entry under paragraph 652, supra.

The judgment of the Board of General Appraisers. is modified, being affirmed in so far as it overruled the protest to the classification of the merchandise represented by Exhibit 6, and being otherwise reversed, and the case is remanded for proceedings not inconsistent herewith.